F I L E D
CLERK OF COURT

2024 AUG 29 PM 4: 22

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>vs.<br><br>PEDRO ADA II,<br><br><div align="center">Defendant.</div> | CRIMINAL CASE NO. CF0520-24<br><br>**DECISION AND ORDER** |

### INTRODUCTION

This matter is before the Honorable Vernon P. Perez for the limited purpose of addressing the People of Guam's ("the Government") Statement of Objection 7 GCA § 6107 and Motion to Disqualify filed July 29, 2024.

### BACKGROUND

On July 25, 2024, Defendant Pedro Ada II ("Defendant") was charged with: (1) Theft of a Motor Vehicle (As a Second Degree Felony); (2) Theft of Property (As a Third Degree Felony); (3) Theft of Property (As a Misdemeanor) – Two Counts; (4) Unauthorized Use of a Motor Vehicle (As a Misdemeanor).[1] (Magistrate's Compl., Jul. 25, 2024).

On July 26, 2024, this matter was assigned to Judge Alberto E. Tolentino. *See* Notice of Judge Assignment, Jul 26, 2024.

---

[1] Defendant was subsequently indicted for the same charges on August 1, 2024. *See* Indictment, Aug. 1, 2024. On August 8, 2024, at Arraignment, Defendant entered a plea of not guilty and waived his right to a speedy trial. (Minute Entry, Aug. 8, 2024).

*People v. Ada*
Case No. CF0520-24
Decision and Order

On July 29, 2024, the Government filed a Statement of Objection 7 GCA § 6107 and Motion to Disqualify ("Objection"), moving for Judge Tolentino's recusal in this matter. The Government moves for Judge Tolentino's recusal pursuant to 7 G.C.A. § 6105(a) because of Judge Tolentino's familial relationship with Attorney General Douglas B. Molyan.[2] *See generally,* Objection, Jul. 29, 2024.

On July 31, 2024, Judge Tolentino filed his Answer to Statement of Objection, challenging the timeliness of the objection and denying that his recusal is appropriate in this matter. *See generally,* Answer, Jul. 31, 2024.

On July 31, 2024, pursuant to 7 G.C.A. § 6107, the question of whether Judge Tolentino should be disqualified from continuing to preside over this mater came before this recusal court. *See* Notice of Assignment of Recusal Judge, Jul. 31, 2024.

On August 13, 2024, the Government filed a Response to Judge Tolentino's Answer to Statement of Objection 7 GCA §6107 and Motion to Disqualify.

## DISCUSSION

Title 7 G.C.A. section 6105 sets forth the substantive grounds under which a judge must be disqualified. Where a judge fails to disqualify him or herself, any party to that proceeding may move to disqualify the judge pursuant to 7 G.C.A. § 6107.

### A. Statement of Objection

The Government moves to disqualify Judge Tolentino in this matter based on the following grounds:

- That from 2014 to 2022, Judge Tolentino disqualified himself from cases involving Attorney General Moylan as a private attorney on the basis of the familial relationship that exists between them;

- That Judge Tolentino stated that disqualification was necessary because Attorney General Moylan is the father of his step children;

---

[2] Attached to the Government's Statement of Objection are several exhibits, including a Decision and Order issued by Judge Iriarte on June 4, 2024 in *People v. Taitingfong,* Criminal Case No. CF0024-24, and several Form One – Disqualification 7 GCA § 6106 memorandums issued by Judge Tolentino recusing himself from cases involving Attorney General Moylan when he was in private practice based on section 6105(a) up until October 27, 2022.

*People v. Ada*
Case No. CF0520-24
Decision and Order

- That Judge Tolentino's last Form One-Disqualification in this regard was filed on October 27, 2022;

- That the basis for Judge Tolentino's prior disqualifications hasn't changed;

- That a reasonable person would presume that Judge Tolentino's personal relationship with Attorney General Moylan and his prior years disqualifying himself from any matters involving AG Moylan would raise a reasonable question about his impartiality and necessitate his disqualification;

- That Judge Tolentino has been disqualified from presiding over other cases based on the above facts; and

- That *San Agustin v. v. Superior Ct. of Guam,* 2024 Guam 2, required the Clerk of Court to refrain from assigning cases to Judge Tolentino once he was disqualified.

*See* Objection, Jul. 29, 2024.

In his answer, Judge Tolentino sets forth under penalty of perjury the following relevant facts:

6. That at Mr. Moylan's request, a meeting between him and the undersigned, the undersigned's chamber staff, the Administrator of the Courts, and Mr. Moylan's transition chairperson, Mr. Wilfred Aflague, occurred in December 2022;

7. That at this meeting, Mr. Moylan assured me and the other members in attendance that he perceived no conflict in his election as the Attorney General and the prosecution of criminal cases before the undersigned. It was agreed that the circumstances underlying my recusal in matters that Mr. Moylan was a lawyer no longer existed, to wit: that during my term as the Magistrate Judge and as a Judge I had routinely recused myself from all matters where Mr. Moylan was the attorney of a party before me on the basis that he was the father of my minor step-children and that the minor step-children were members of and resided in the household maintained by me and my wife and that as of even date, both step-children have now reached majority and adulthood and have been residing at their own residences in Guam and in the U.S. Mainland;

8. That Mr. Moylan never made an appearance as a lawyer in this case.

9. That neither Mr. Moylan nor the Office of the Attorney General had ever challenged or objected to me presiding over this case until the instant Statement of Objection and Motion to Disqualify filed herein.

* * *

14. That my wife Doris L.G. Tolentino and Attorney General Moylan were divorced on June 13, 1997, and that there were two minor children at the time of the dissolution of marriage, to wit: Brandon (born 1990) and Angela (born 1992);

15. That my wife and I have been together since 2001 and that we were married civilly in 2005 and eventually in the Roman Catholic Church in December 2023;

16. That we have five children inclusive of Brandon and Angela;

17. That since my wife and I have been together I have never observed Mr. Moylan and my wife involved in any sense in co-parenting the children of their marriage as the children have been raised and provided with protection and care to ensure their healthy development into adulthood, primarily by my wife and me, and that at present they are in fact adults able to conduct and make their own decisions in life;

18. That based upon the foregoing averments, the fact that Attorney General Moylan is the biological father of the undersigned's stepchildren provides no basis for disqualification under 7 GCA § 6105(b) or that the undersigned's impartiality might be reasonably questioned as required under subsection (a).

(Answer at 3-4, Jul. 31, 2024).

In response, the Government asserts that its Statement of Objection was timely and that Judge Tolentino is disqualified "per se." *See generally*, Resp., Aug. 13, 2024.

**B. Timeliness of Objection**

The first issue before the Court is whether the Government's Objection was timely filed, as Judge Tolentino challenges the timeliness of the Government's Objection. (Answer at ¶¶ 9-13). The Government argues its objection is timely because the *San Agustin* opinion issued July 18, 2024 "provided additional grounds on which to require disqualification, namely the Supreme Court's explanation and use of its supervisory authority over the Superior Court of Guam's assignment of matters to disqualified judges" and that it filed the "Statement of Objection less than two weeks after the case was initiated and before any hearing on any issue of fact was ever set to be heard by Judge Tolentino." (Resp. at 3).

Pursuant to section 6107:

The statement of a party objecting to the Justice or Judge on the ground of his or her disqualification shall be presented at the earliest practicable opportunity after his or her appearance and discovery of the facts constituting the ground of the Justice's or Judge's disqualification, and in any event before the commencement of

the hearing of any issue of fact in the action or proceeding before such Justice or Judge.

7 G.C.A. § 6107. "The rule that a request for disqualification should be submitted prior to any hearing in the matter before the challenged judge rests on the principle that a party may not gamble on a favorable decision. Thus, a statement of objection is normally timely if it is submitted prior to any hearing before the challenged judge in the matter." *Van Dox v. Superior Ct. of Guam*, 2008 Guam 7 ¶ 46 (internal quotation marks and citation omitted). "[A] statement may be untimely if a party waits until the eve of trial to request disqualification based on information made known months earlier." *Id.* (citing *People v. Panah*, 107 P.3d 790, 824 (Cal. 2005)).

Here, the Government's Statement of Objection was filed prior to the commencement of the hearing of any issue of fact in the action or proceeding before Judge Tolentino. The case was assigned to Judge Tolentino on July 26, 2024, and the Government's Statement of Objection was filed three days later on July 29, 2024. According to the Court's case management system, at the time of filing of the Objection, no hearings had been calendared or heard before Judge Tolentino in the instant matter. However, the Court does not find that the timeliness analysis ends there. The facts that form the basis of the Statement of Objection are not newly discovered to the Government and Judge Tolentino has presided over criminal matters involving the Government since Attorney General Moylan took office in January 2023. *See* Answer ¶ 4 ("I . . . have been a Judge of the Superior Court of Guam since September 2021, and that my docket consists mostly of criminal matters brought by the People of Guam through the Office of the Attorney General."). It was not until over a year later in May 2024 that the Government first moved to disqualify Judge Tolentino. *See People v. Ybanez, et al.* (CF0447-23) Dec. & Order at 5, Jun. 12, 2024 (noting the Statement of Objection and Motion to Disqualify was filed on May 1, 2024). The Government has since moved to disqualify Judge Tolentino in a number of criminal cases,[3] but not all of his

---

[3] This Court, for example, has been assigned as recusal judge for the instant matter (CF0520-24), *People v. Buchun*, (CF0458-24), *People v. Rikat* (CM0193-24), *People v. Romolor* (CF0391-24), *People v. Timothy* (CM0229-24), and *People v. Quichocho* (CM0249-24); *People v. Doran* (CF0551-24). The Statement of Objection filed in each case is substantially the same. Judge Tolentino's Answer also refers to objections being filed in *People v. Mantanona* (CM0203-24); *People v. Babauta* (CF0443-24); *People v. Enlet* (CM0322-22); *People v. Sanres* (CF0461-24); *People v. Rabago* (CF0423-24); and *People v. Alipich* (CF0449-24). (Answer ¶ 24).

---

*People v. Ada*
Case No. CF0520-24
Decision and Order

criminal docket.[4] Therefore, while the timeliness of an objection would normally be case specific, the circumstances of the objections being filed in some but not all cases before Judge Tolentino, despite the basis of all objections being substantially the same, require the Court to view them in light of his entire criminal docket, as all criminal matters are brought by the Office of the Attorney General on behalf of the People of Guam. "7 GCA § 6105 is not intended to 'bestow veto power over judges or to be used as a judge shopping device.'" *San Agustin*, 2024 Guam 2, ¶ 24 (citing *People v. Camaddu*, 2015 Guam 2 ¶ 80). The Court further notes that while *San Agustin* was not issued until July 18, 2024, the Supreme Court of Guam's "explanation and use of its supervisory authority over the Superior Court of Guam's assignment of matters to disqualified judges," as relied on by the Government, *see* Resp. at 3, was specifically in regard to the Superior Court's assignment of judicial recusal matters.[5] *See San Agustin,* 2024 Guam 2 ¶ 20 (Once disqualified, a judge can take no action—even when acting in a limited capacity as a recusal judge."). Therefore, the Government cannot rely on the opinion recently being published as a basis for a timeliness argument.

"Guam law does not speak explicitly of waiver, but does require that 'all parties agree.' Rather than interpreting 'agree' to mean that the parties must expressly agree to waive the judge's disqualification, we held that remaining silent constitutes waiver, at least in the context of 7 G.C.A. § 6105(a), 'to avoid the possibility of parties lying in wait, raising the recusal issue only after learning the court's ruling on the merits.'" *People v. Wia*, 2020 Guam 17 ¶ 28 (internal alterations and citations omitted). In the context of 7 G.C.A. § 6105(b), the Supreme Court of Guam adopted the "silence-as-wavier" rule on a case-by-case basis. *Id.* at ¶ 30. The "silence-as-waiver" includes failure to object based on information previously known to the parties through separate litigation. *Id.* at ¶ 27 (finding that the silence-as-waiver rule rendered the defendant's

---

[4]    Judge Tolentino asserts in his Answer that "if there truly is concern with the undersigned's impartiality or appearance of partiality then by movant's logic the disqualification should have extended to the undersigned's entire criminal docket of pending and post-adjudication further proceedings." (Answer ¶ 34).

[5]    The Supreme Court exercised its "supervisory authority to clarify the proper procedures (1) when a party seeks to challenge a recusal judge for cause, (2) for service of a writ petition, and (3) for service of a statement of objection on a judge or justice." *San Agustin*, 2024 Guam 2 ¶ 54.

objection waived and untimely because the defendant aware of the disqualification issue through his counsel's involvement in other criminal cases).

The Government does not dispute in its Response (nor does it appear to address at all) Judge Tolentino's statement that he and Attorney General Moylan met in December 2022 with court administration and staff whereby "[i]t was agreed that the circumstances underlying [Judge Tolentino's] recusal in matters that Mr. Moylan was a lawyer no longer existed." (Answer ¶ 7). Thus, Attorney General Moylan appears to have waived any conflict on behalf of the Government prior to the start of his term in January 2023. At this time, the Court is unaware of any objection set forth by the Government to Judge Tolentino presiding over any criminal matter prior to *People v. Ybanez,* CF0447-23, on May 1, 2024.[6] The Government therefore did not move to disqualify Judge Tolentino in any criminal matter for sixteen months after Attorney General Moylan took office (January 2023 to April 2024). The Government has not presented any newly discovered facts or change in circumstances relating to the familial relationship between Judge Tolentino and Attorney General Moylan that would render Attorney General Moylan's December 2022 waiver of any conflict moot. The Court notes that the issue of Judge Tolentino's competency was first addressed in *People v. Aguon,* CM0145-21 in Spring 2024; yet it was through a motion filed *by the defendant*, not the Government, and in the context of a Motion to Disqualify the Prosecutor and not a ruling on a Statement of Objection to Judge Tolentino's competency. *See* Dec. & Order at 4-5, *People v. Aguon* (CM0145-21), Apr. 5, 2024 ("On March 1, 2024, the Court heard new arguments on the Motion to Withdraw the Prosecutor. There, in addition to the issue of AAG Olan's alleged statements, Defendant asserted there had been an undisclosed familial relationship between Judge Tolentino and Douglas Moylan . . ."). At the time of that Decision and Order in CM0145-21, Judge Tolentino had already recused himself from the matter, albeit on different

---

[6] The Government has not shown that it has objected to Judge Tolentino presiding over any criminal matter prior to *People v. Ybanez.* The Court acknowledges that on May 24, 2024 (twenty-three days after the filing of an objection in *Ybanez*), the Government orally agreed with Defendant Taitingfong in CF0024-24 that Judge Tolentino was disqualified from presiding over her case in light of the familial relationship between Judge Tolentino and Attorney General Moylan. *See People v. Taitingfong* (CF0024-24) Dec. & Order at 4 fn. 1, Jun. 4, 2024. It does not appear that the Government itself also filed an Objection to Judge Tolentino presiding in that matter. *See id.*

grounds. *See id.* at 2. In light of the foregoing, the Court finds that the Government's silence for over a year, despite being aware of the facts forming the basis of the disqualification, amounts to a waiver of any objection to Judge Tolentino presiding over cases involving the Office of the Attorney General based on the familial relationship between Judge Tolentino and Attorney General Moylan.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES the Government's Statement of Objection and Motion to Disqualify. The Court returns the matter to Judge Tolentino for further disposition.

**IT IS SO ORDERED** this 29th day of August, 2024.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA E-MAIL
I acknowledge that an
original was emailed to:
*AG, PDSC*

Date: 8-29-24 Time 4:51pm
Albert Golden
Deputy Clerk, Superior Court of Guam

*People v. Ada*
Case No. CF0520-24
Decision and Order